EASTERN DIST.
*March*, 1840.

VERRET ET AL. *vs.* THERIOT.

VERRET ET AL.
*vs.*
THERIOT.

APPEAL FROM THE COURT OF THE SECOND DISTRICT, FOR THE PARISH OF LAFOURCHE INTERIOR, THE JUDGE THEREOF PRESIDING.

Where a party holds and possesses property honestly, and by virtue of a contract of sale, regular in matters of form, without notice of the plaintiff's claim, and having retained possession publicly without interruption, and in good faith, for more than *ten years*, he acquires a title by prescription.

### ON A REHEARING.

The provision in article 227, page 258 of the old Civil Code, that the surviving husband or wife, who marries again, is forbidden to dispose of the property inherited from any of the deceased children of the first marriage, it being reserved for the children of that marriage, is taken from the 15th law of Toro.

The Spanish laws make an exception, that the surviving spouse, on marrying again, *is not bound to reserve* the property of his deceased child of the first marriage for the other children of that marriage, when it has been *acquired otherwise* than by inheritance from the deceased parent. It becomes the absolute property of the survivor, if it has been purchased by the deceased child, from the moment of his death.

This is an action of revendication. The plaintiffs Edward, Furcy and Louise Verret, children of Jacques Verret, now deceased, allege that their brother Solomon Verret, died intestate, in 1818, without descendants, and no ascendants but his father, possessed of a large property, of whom they became legal heirs; their common father having contracted a second marriage, in consequence of which he could only claim the usufruct of his deceased son's property.

They further allege, that in 1820, their father sold a tract of land on the Bayou Lafourche, belonging to their deceased brother's succession, to the defendant, which is well worth twenty thousand dollars; that Solomon Verret, a few months before his death, in 1818, purchased the tract of land in

question from one Pierre Daspit.  The plaintiffs further
allege, that they are entitled to recover said tract of land, as
the legal heirs of their deceased brother; and also the rents
and profits, worth one thousand dollars per annum, from
the death of their father, Jacques Verret, in 1829.  They
pray judgment accordingly.

The defendant pleaded a general denial; and also the
prescription of ten years possession, under a good and just
title, and in good faith.  He then sets out his title, and calls
his vendors in warranty.

Upon these pleadings and issues the cause was tried.

Each party exhibited complete evidence of his claim and
title.  The facts were few and not disputed.  The whole
case turns on the legal right of the plaintiffs' father to sell
the land in question, and of the defendant's right under the
sale and prescription.

The cause was submitted to a jury, under an elaborate
charge from the district judge presiding, who returned a
verdict for the defendant.  From judgment, confirming this
verdict, the plaintiffs appealed.

*Beatty* and *M'Allister*, for the plaintiffs and appellants.

The title of the plaintiffs to the land in dispute, cannot be
questioned, unless they have forfeited their rights by some
act of theirs, or unless the defendant has acquired title by
prescription.  *See Old Code, article* 227, *page* 258; *Louisiana
Code, article* 1746; 6 *Martin, N. S.*, 31; 7 *Idem.*, 665.

2. The right of the plaintiffs, was, however, one which
was subject to the condition of their surviving their father,
and forms a kind of legal substitution; (the only one
known to our law.)  7 *Martin, N. S.*, 668 *and* 669; *Pothier
Traité de Donation inter vivos, vol.* 5, *p.* 59, *and section* 3d, *article*
8, *paragraph* 2d, where he considers the rights of children;
and the 2d head of the edict of 2d, Marriages, as a substi-
tution by law.  *Pothier Traité des Substitutions, article* 1st *of
section* 3d, *pages* 80 *and* 81, *vol.* 5; *du même Traité et vol.
Article* 3d, declares an order not to sell when made in favor of
another, a substitution, and the codes and articles quoted
above, for the order not to sell.

EASTERN DIST.
*March*, 1840.

VERRET ET AL.
*vs.*
THERIOT.

3. The plaintiffs having only an eventual right to the property, that is being substituted by law to their father as relates to the particular property, prescription could only begin to run from the opening of the substitution, or the happening of the event on which their rights depended, to wit : the death of their father, Jacques Verret, 3 *Martin*, 460 ; 24 *Merlin's Repertoire verbo Prescription*; *Questions du Droit*, 12 and 13, *pages* 177 *and* 179 ; *Pothier Traité des Donat.*, *section 3d, paragraph 5th, page* 37 ; *idem.*, *Traité des Substitutions, vol. 5, section 5, article 3, page* 105 ; *Merlin's Repertoire, &c., verbo Substitutions Fidei commissaire; Old Code, article* 61, *page* 486 ; *Troplong on Prescription, article* 787 *and* 788.

4. The title of defendant is not such an one as is required for the prescription of ten and twenty years.　The property in dispute " is one of those things which are prohibited by law from being sold in consequence of the privilege of those who are the proprietors of it."　*Old Code, article* 227, *p.* 258 ; *Louisiana Code*, 1746 ; *French text of article* 3463, *in comparison with 4th clause of article* 3445.

5. Legal good faith was wanting.　The law requires every one to know the capacity of him with whom he treats, and so does it require him to know that the thing for which he treats, is one of those whose sale is not prohibited by the law, or is not in commerce.　*Troplong on Prescription, articles* 917, 918 *and* 795.　In this last, he declares a thing not in commerce which the law orders not to be alienated, as property subject to a substitution.　*Troplong on Sales, articles* 209, 210, 211, 212, 213 *and* 222 ; *Louisiana Code*, 2423 *and* 3420 ; *Pothier Traité de Prescription, ch.* 1*st*, *article* 1.

*Miles Taylor*, for the defendant.

*Eustis, J.*,* delivered the opinion of the court.

Some time in the year 1818, Solomon Verret, then living in the parish of Lafourche Intérior, died intestate, leaving his

---

* This opinion was delivered at March term, 1839, but suspended on a rehearing.

father, Jacques Verret, and his brothers and sister ; the three latter plaintiffs in this suit.

His father took possession of the estate of the deceased, as the heir of his son, on the 27th of January, 1820, and sold to the defendant a tract of land belonging to the estate, by an act of sale, legal in point of form.

Jacques Verret, previous to the death of his son, had contracted a second marriage. Solomon Verret left no descendants.

The plaintiffs have instituted this suit for the recovery of the land sold to the defendant, alleging themselves to have had the sole right to the property of their deceased brother at the time of his death, on account of the second marriage of their father, who, they allege, merely retained the usufruct of it during his life.

The defendant pleaded the prescription of ten years resulting from possession of the land, in good faith, under a just title.

It has been contended at bar, that on the death of the brother, Solomon Verret, the property was held as a substitution, and that the defendant's prescription could only commence from the date of the father's death, which took place in 1833.

We are of opinion that, under the 227th article of the Code of 1808, page 258, the estate of the deceased passed to his brothers and sister, the plaintiffs. The father would have had the usufruct had his children been minors, and not married. See *Matienzo, Commentaria, lib.* 5, *tit.* 1, 1–9, *gloss.* 1. *Nos.* 1 *and* 2 ; *Novissima Recopilacion, lib.* 10, *tit.* 5, *law* 3 ; *Gomez ad legis tori, law* 48 : *Voet ad Pandectus, lib.* 23, *tit.* 2, §103.

The usufruct given by the Spanish laws to the father of the adventitious property of the son, resulted from the paternal power under that system. *Institutes of the civil law of Spain, book* 1, *tit.* 8 ; *Partida* 4, *tit* 17, *l.* 5.

By the code of 1808, the paternal power was much modified, and the usufruct of the father resulting from it was limited to the minority of the son. See *Code, article* 37, *et*

Where a party holds and possesses property honestly and by virtue of a contract of sale, regular in matters of form, without notice of the plaintiff's claim, and having retained possession publicly, without interruption, and in good faith, for more than *ten* years, he acquires a title by prescription.

*seq., page 52.* The good faith of the defendant is questioned by the plaintiffs, and they refer to the act under which he purchased, as proving that he had knowledge that Jacques Verret acquired the land by the succession of his son. We do not think this circumstance sufficient to establish his want of good faith. The father might have acquired it lawfully by testament, and there is nothing in the evidence which proves that the defendant was apprised of the want of title on the part of the vendor; on the contrary, we think that he became possessed of the property fairly and honestly, and by virtue of a contract of sale, regular in matters of form, without notice of the plaintiff's claims, and having retained possession of the same *publicly*, without interruption and in good faith, for more than ten years, that he has acquired against the plaintiffs a title to it by prescription.

The judgment of the court below is, therefore, affirmed with costs.